```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

SUNDAY DIXON OREKOYA,            )
        Plaintiff,               )
                                 )
        v.                       )     C.A. No. 13-11061-PBS
                                 )
ANDREW RAINER, et al,            )
        Defendants.              )

## MEMORANDUM AND ORDER

SARIS, C.J.

For the reasons set forth below, this action is DISMISSED in its entirety, the Summonses that were issued are hereby RESCINDED, and plaintiff is ADVISED that he could be subject to sanctions should he make any additional submissions to this Court concerning the alleged actions, or inactions, of the defendants in connection with the 1992 civil action.

## BACKGROUND

On April 30, 2013, Plaintiff Sunday Dixon Orekoya, a resident of Billerica, Massachusetts, filed his self-prepared complaint against three Massachusetts attorneys, two Massachusetts law firms and the American Civil Liberties Union Foundation of Massachusetts. Complaint ("Compl."). Plaintiff paid the $350 filing fee. See Docket. The defendants are plaintiff's former legal counsel in Orekoya, et al. v. Mooney, et al., C.A. No. 92-11794-MEL (judgment for defendants), aff'd, No. 02-1306 (1st Cir. May 15, 2003) (district court judgment for defendants affirmed). Orekoya brought suit against the United

States Secret Service and two agents alleging constitutional violations and violations of the Privacy Act.

Plaintiff, apparently unwilling to accept the court rulings of the district and appeals courts, made several unsuccessful attempts to have his case revisited.  See Orekoya v. Mooney, No. 06-2373, 2/22/07 Judgment.  In fact, the district court issued an injunction against further district court filings and the Court of Appeals for the First Circuit imposed a sanction of $1,000 on the plaintiff.  Id.

The instant action is further evidence of plaintiff's unwillingness to accept the dismissal of the 1992 action. Plaintiff's complaint consists primarily of a rehashing of alleged deficiencies surrounding the defendants' representation of plaintiff in the 1992 action.  Plaintiff states in the introduction to his complaint that the "defendants, as practicing attorneys in the Commonwealth of Massachusetts and plaintiff's attorneys, are bound by the Massachusetts Rules of Professional Conduct and the American Bar Association Ethical Code 4.1 and 8.4."  Compl., ¶ 1.  Plaintiff complains that the defendants violated these rules "during their representation of the plaintiff, Sunday Dixon Orekoya[,] and as a result caused the plaintiff the inability to recover his damages and eventually foreclosed plaintiff's legal rights in civil action 92-11794 at the district court of Massachusetts."  Id.

Plaintiff's complaint sets forth the following seven counts: (1) fraud under Rule 8.4 of the Massachusetts Rules of Civil Procedure; (2) fraud, deception and unfair practice under M.G.L. ch. 93A, § 9; (3) breach of contract; (4) breach of fiduciary duty; (5) constitutional violation; (6) intentional infliction of emotional distress; and (7) defamation.

The Civil Cover Sheet accompanying the complaint lists the Basis of Jurisdiction as Diversity.  See civil cover sheet, § II (basis of jurisdiction).  Plaintiff indicates that this is a civil rights action in the section labeled "Nature of Suit."  Id. at § IV (nature of suit).  In the section labeled "Cause of Action," plaintiff states "Fraud on the Court by Court Officers."  Id. at § VI (cause of action).

## DISCUSSION

### I. Lack of Jurisdiction

Federal courts are tribunals of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir.2005) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)).  Subject-matter jurisdiction is the grant of authority upon which courts may decide a case "one way or the other."  Hagans v. Lavine, 415 U.S. 528, 538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir.2004). "The existence of subject matter jurisdiction 'is never presumed." Fafel, 399 F.3d at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir.1998)). Rather, federal courts "must satisfy themselves that subject matter jurisdiction has been established." Id.

As the Federal Rules of Civil Procedure state, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Gonzalez v. Thaler, --- U.S. ----, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented.").

In this case, the Court recognizes that plaintiff's pro se complaint must be construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000).  However, even under a generous reading, this action is dismissed sua sponte because this Court lacks jurisdiction to grant the relief Plaintiff seeks.

District courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 (" § 1331"), and

over certain actions in which the parties are of citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a) (" § 1332").

A case arises under federal law for purposes of § 1331 if "a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assur., Inc. v. McVeigh, 546 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. of Val. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-38, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Here, the plaintiff does not reference, and the Court cannot identify, a federal law which provides a cause of action. Although Count V of the complaint asserts a claim for a "constitutional violation," the complaint references Article XI of the Massachusetts Bill of Rights (guaranteeing remedies for wrongs to person, property or character). Moreover, there is not any indication in the complaint that resolution of his claims for fraud, deception, breach of contract, breach of fiduciary duty, defamation and/or intentional infliction of emotional distress depend on the resolution of a substantial question of federal law. The plaintiff is bringing state law tort claims. Thu, subject matter jurisdiction does not exist under § 1331.

Where a party seeks to invoke the jurisdiction of a federal

district court under § 1332, the parties must be of complete diversity. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Complete diversity does not exist where any defendant is a citizen of the same state as the plaintiff. See id.  The Court has no reason to believe that diversity subject matter jurisdiction exists because Orekoya identifies himself as a Massachusetts resident and identifies the defendants as Massachusetts lawyers, Massachusetts law firms and a Massachusetts foundation.  Therefore, subject matter jurisdiction does not exist under § 1332.

## II.  Order for Rescission of Summons

In accordance with standard Clerk's Office procedures, summonses were issued to the Plaintiff for service of process on the Defendants.  However, in view of this Memorandum and Order for sua sponte dismissal of this action, it is hereby Ordered that the Summonses are RESCINDED.  Plaintiff is prohibited from attempting to effectuate service of process on Defendants absent further Court permission.  If process has already been served, Defendants shall not be obligated to file a responsive pleading to this action, unless otherwise Ordered.

## III. Sanctions

As noted above, plaintiff is apparently unwilling to accept earlier court rulings in the underlying matter and now attempts to bring suit against legal counsel.  Plaintiff is advised that

any future submissions to this Court concerning the alleged actions, or inactions, of the defendants in connection with the 1992 civil action, may subject him to sanctions pursuant to Rule 11 and this Court's inherent authority to control the conduct of litigants who appear before it.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3); and

2. The Summonses that were previously issued in this action are hereby RESCINDED.  Plaintiff is prohibited from serving process on the Defendants, and the Defendants are not obligated to respond to the Complaint absent further Order of this Court; and

3. Plaintiff is advised that he could be subject to sanctions should he make any additional submissions to this Court concerning the alleged actions, or inactions, of the defendants in connection with the 1992 civil action.

SO ORDERED.

May 9, 2013                          /s/ Patti B. Saris
DATE                                 PATTI B. SARIS
                                     Chief, U.S. District Judge